UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRADY O. SIMMONS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:16CV00101 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Brady O. Simmons, a person in federal custody. On November 10, 2015, Simmons plead guilty before this Court to the offense of felon in possession of a firearm and, on February 11, 2016, this Court sentenced Simmons to the Bureau of Prisons for a term of 110 months, the mandatory minimum sentence. Simmons' § 2255 motion, which is based on several allegations of ineffective assistance of counsel, is fully briefed and ripe for disposition.

## I. FACTS

### A. INDICTMENT

On August 20, 2015, Movant Brady O. Simmons (Simmons) was charged in a one count indictment of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

### B. PLEA AGREEMENT AND GUILTY PLEA

On November 10, 2015, Simmons appeared with his attorney and pled guilty to

being a convicted felon in possession of a firearm, as charged in the Indictment. Simmons executed a Plea Agreement with his counsel and the Government. (Doc. 31) The Plea Agreement noted that "[t]he defendant has been fully apprised by defense counsel of [his] rights concerning appeal and fully understands the right to appeal the sentence under Title 18 U.S.C. § 3742." (Doc. 31, p. 8)

In the Plea Agreement, Simmons also agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id*. Simmons agreed that he was "fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses." *Id*. at p. 11.

## C. THE PRESENTENCE REPORT

The Presentence Report (PSR) provided that Simmons' Base Offense Level was 24. (PSR ¶ 22) As a Special Offense Characteristic, Simmons was subject to a four level enhancement for using or possessing any firearm or ammunition in connection with another felony offense, for committing property damage, pursuant to USSG §2K2.1(b)(6)(B). (PSR ¶ 23) Prior to officers seizing the shotgun, Simmons had shot into a residence with the shotgun. (PSR ¶¶ 11-14) Simmons committed felony property damage by shooting into a residence. Mo. Rev. Stat. § 569.100. Shooting a firearm into a

dwelling house is also a Class D felony under Missouri law. Mo. Rev. Stat. § 571.030. A three level reduction for acceptance of responsibility brought his total offense level to a 25. (PSR &&29-31) Simmons' criminal history was extensive. His total criminal history score was 13, which established a criminal history category of VI. (PSR &46). Based on a total offense level of 25 and a criminal history category of VI, Simmons' guideline imprisonment range was 110 months to 137 months. (PSR ¶83)

**D. THE SENTENCING HEARING**

On February 11, 2016, Simmons was sentenced to 110 months, which was at the low end of the guideline range. (Doc. 39)

**E. DIRECT APPEAL**

Simmons did not file an appeal of his conviction or sentence. Instead his counsel filed a notice indicating Simmons had not requested his counsel file a notice of appeal. (Doc. 41) Simmons' signature followed the statement by his counsel, that "Defense counsel has explained to defendant his/her right to appeal and defendant has not requested that counsel file a Notice of Appeal." *Id*. Both Simmons and his counsel signed the Notice on February 11, 2016.

**F. MOTION FOR POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255.**

On May 16, 2016, Simmons filed a Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging that he should not have been assessed the "four point enhancement" for using the firearm "in connection with other felonys." (sic) (2255 Mot. pp. 3-4) This is Simmons' only ground for relief. In Ground One,

3

Simmons states:

> Fact is, the State of Missouri dropped, "threw out no-longer wished to hold state charges' so, its like I never got the 3 point red. of acceptance of responsibility. Because the government turned around and added (4) points for in connection with yet I never did or will be found guilty or tried on any state charges in connection with the firearm violation.

(2255 Mot. p. 4) Simmons does not claim prosecutorial misconduct or ineffective assistance of counsel in his Motion.

## II. APPLICABLE LAW

### A. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF.

28 U.S.C. § 2255 provides in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. Section 2255 provides a remedy for jurisdictional and constitutional errors. A defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction to impose a sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. *Sun Bear v. United States*, 644

4

F.3d 700, 704 (8th Cir. 2011), citing 28 U.S.C.A. § 2255(a).

In determining whether petitioner is entitled to an evidentiary hearing the court must consider "[a] petitioner's allegations … as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012), quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). The court need not give weight to "conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

No hearing is required when "the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007), citing *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994). *See also United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238 (8th Cir. 1995).

## B. WAIVER OF APPELLATE RIGHTS AND RIGHT TO POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255.

A defendant may waive the right to seek collateral relief under § 2255, and "[s]uch a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). The Eighth Circuit has "enforced a defendant's plea agreement promise to 'waive his right to appeal, or challenge via post-

conviction writs of habeas corpus . . . the district court's entry of judgment and imposition of sentence.'" *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000), quoting *United States v. His Law*, 85 F.3d 379 (8th Cir. 1996).

Negotiated waivers of appellate rights and rights to pursue post-conviction relief have been upheld by the Eighth Circuit. *See United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003); *His Law*, 85 F.3d at 379. The Eighth Circuit has determined, "[a]s a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." *DeRoo*, 223 F.3d at 923. When a defendant waives his appeal and post-conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *Id*.

"A defendant's plea agreement waiver of the right to seek § 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." *Id*. at 924.

The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if "the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *Andis*, 333 F.3d at 889-90. The court may still refuse to enforce a waiver of appeal "if to do so would result in a miscarriage of justice." *Id*. at 890. However, plea agreements "should not be easily voided by the courts," and this narrow exception "will not be allowed to swallow the general rule that waivers of appellate rights are valid." *Id*. at 891.

## C. ALLEGATIONS OF ERROR IN APPLYING GUIDELINES NOT COGNIZABLE IN PROCEEDINGS FOR POST-CONVICTION RELIEF UNDER § 2255

"The general rule is that § 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 2304 (1974). Like habeas corpus, this remedy "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240 (1979). It provides a remedy for jurisdictional and constitutional errors, neither of which is at issue here. Simmons claims merely an error in the application of a Sentencing Guideline to his case. His claim does not involve the legal range of punishment or a violation of his Constitutional rights. Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962).

These principles are reflected in the text of § 2255, which the Supreme Court described as "somewhat lacking in precision" in *Davis*, 417 U.S. at 343, 94 S.Ct. 2298, 2304. A § 2255 motion may be filed by a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). The court shall grant appropriate relief

if it finds "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." § 2255(b).

Applying these principles, the 8th Circuit has consistently held "that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper § 2255 claim." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995); *accord United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996). Therefore, such questions "may not be re-litigated under § 2255." *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000). *See also Sun Bear v.United States*, 644 F.3d 700, 704 (8th Cir. 2011).

### III. DISCUSSION

**A. SIMMONS WAIVED HIS RIGHT TO FILE A MOTION COLLATERALLY ATTACKING HIS SENTENCE FOR ALLEGED ERROR IN THE APPLICATION OF THE SENTENCING GUIDELINES**

In the Plea Agreement, Simmons agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." Simmons waived his right to pursue a claim for post-conviction relief, since his claim does not involve an allegation of ineffective assistance of counsel or prosecutorial misconduct. His waiver precludes him from pursuing a claim for post-conviction relief alleging that he should not have been subject to a four level enhancement for use of a

firearm in connection with a felony offense. Simmons' execution of the waiver was done knowingly and voluntarily. Simmons' waiver of his right to file a motion for post-conviction relief, including his right to collaterally attack his conviction pursuant to 28 U.S.C. § 2255, should be enforced against him since "the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *Andis*, 333 F.3d at 889-90. Accordingly, Simmons' claim of error in the application of the sentencing guidelines should be dismissed without an evidentiary hearing.

## B. SIMMONS' CLAIM IS NOT COGNIZABLE IN A CLAIM FOR POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255

Simmons' claim of an erroneous four-level enhancement under § 2K2.1(b)(6)(B) for use of a firearm in connection with another felony offense is not cognizable in a § 2255 petition. The Eighth Circuit has discussed this issue in detail:

> Section 2255 "was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (citation omitted) Like habeas corpus, this remedy "does not encompass all claimed errors in conviction and sentencing." (citation omitted) It provides a remedy for jurisdictional and constitutional errors, neither of which is at issue here. Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; "an error of law does not provide a basis for collateral attack unless the claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" (citations omitted)
> . . .
> Applying these principles, this court and our sister circuits have consistently held "that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim. (citations omitted) Therefore, such questions "may not be re-litigated under § 2255." (citation omitted)

*Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

A § 2255 petition is not a substitute for appeal. *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1995). A mere factual dispute that affects Guidelines calculations is not cognizable in a § 2255 petition. *See Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) ("While section 2255 does provide relief for cases in which 'the sentence was in excess of the maximum authorized by law,' this provision applies to violations of statutes establishing maximum sentences, rather than garden-variety Sentencing Guideline application issues.")

The general rule is that Guideline issues may not be relitigated in a § 2255 petition. However, there are three exceptions to that rule, none of which have been met by Simmons. In *United States v. Perales*, 212 F.3d 1110 (8th Cir. 2000), the Eighth Circuit noted that there were three circumstances where a defendant might challenge Guidelines misapplication by the district court. Those circumstances are: (1) where the defendant asserts that his attorney failed to object to the incorrect application of the Guidelines; (2) the sentence is in excess of the statutory maximum; and (3) where the sentence imposed was an error that amounts to a miscarriage of justice. *Id.*, at 1111.

Simmons does not allege his attorney was ineffective because he received an enhancement for using his firearm in connection with another felony offense. Simmons fails to meet the conditions for relief under the first exception noted above.

The second exception is where the defendant contends that his sentence is above the maximum allowed for his crime. Again, Simmons has not raised this issue. And since Simmons was given a sentence of 110 months, less than the ten-year maximum allowed under the statute, he cannot complain that his sentence exceeded the statutory maximum.

The third exception is where the sentence imposed is a miscarriage of justice. Simmons has not raised this ground as an objection. Furthermore, this exception applies "only when petitioners have produced convincing new evidence of actual innocence (citations omitted) and the Supreme Court has not extended the exception to situations beyond those involving a petitioner's actual innocence." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Relief based on a miscarriage of justice is available only in the extraordinary case. *Id*.

This issue, and Simmons' claim, therefore, will be dismissed without an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, this Court denies Simmons' § 2255 petition, without a hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Simmons has not made a substantial showing of the denial of a federal constitutional right.

Dated this 13th day of October, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE